UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| JASMINE FRANCIS<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCHOOL COMMITTEE<br><br>Defendant.<br><br>---------------------------------------------------------- | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION: 1:26-cv-13303<br>)<br>)<br>)<br>) |

## DEFENDANT BOSTON SCHOOL COMMITTEE'S ANSWER TO PLAINTIFF'S

## COMPLAINT

Defendant, Boston School Committee (the "City")[1] hereby answers the Plaintiff, Jasmine

Francis ("Plaintiff"), complaint as follows:

### PARTIES

1. The City is without sufficient information or knowledge to enable it to admit or deny the allegations contained in this paragraph.

2. Admit.

### JURISDICTION AND VENUE

3. This paragraph contains legal conclusions to which no response is required.

4. This paragraph contains legal conclusions to which no response is required.

5. This paragraph contains legal conclusions to which no response is required.

### STATEMENT OF FACTS

---

[1] Boston School Committee is not a distinct legal entity capable of being sued. When an allegation attributes an action to Boston School Committee, this answer treats it as if it is an allegation against the City of Boston.

6.  Deny.

7.  Deny.

8.  Deny. Plaintiff was employed starting October 14, 2022, until August 15, 2025.

9.  Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Admit.

## CAUSES OF ACTION

## COUNT I

25. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-24 as if set forth fully herein.

26. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

27. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

28. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## COUNT II

29. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-28 as if set forth fully herein.

30. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

31. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

32. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## COUNT III

33. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-32 as if set forth fully herein.

34. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

3

35. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

36. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## COUNT IV

37. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-36 as if set forth fully herein.

38. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

39. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## COUNT V

40. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-39 as if set forth fully herein.

41. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

42. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

43. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## COUNT VI

44. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-43 as if set forth fully herein.

45. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

46. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

47. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

**COUNT VII**

48. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-47 as if set forth fully herein.

49. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

50. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

51. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

**COUNT VIII**

52. The City restates and incorporates by reference its answers to the allegations contained in paragraphs 1-51 as if set forth fully herein.

53. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

54. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

55. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The City, at all times, acted in good faith and upon reasonable belief that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Fifth Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

## JURY DEMAND

The City demands a trial by jury on all issues so triable.

6

Date: July 28, 2026

Respectfully submitted,
**Defendant, Boston School Committee**
By its attorney, Michael Firestone
Corporation Counsel
/s/ Sarah Lottman
Sarah Lottman BBO #713358
Assistant Corporation Counsel
2300 Washington Street, 4th Floor
Bruce C. Bolling Building
Roxbury, MA 02119
P: (617) 635-9320
F: (617) 635-9327
slottman@bostonpublicschools.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was electronically filed with the Court's e-file system and was emailed to counsel of record on July 28, 2026.

Plaintiff's Counsel:
Rosa Lee Klaneski, Esq.
rk@klaneskilaw.com

/s/ Sarah Lottman
Sarah Lottman

7